_____

No. 96-2244EM
_____

State of Missouri and                    *
Mel Carnahan, Governor of the            *
State of Missouri,                       *
                                         *
          Appellants,                    *
                                         *
     v.                                  *
                                         *
United States of America;                *   On Appeal from the United
U.S. Environmental Protection            *   States District Court
Agency; United States                    *   for the Eastern District
Department of Transportation;            *   of Missouri.
and Carol M. Browner,                    *
Administrator of the                     *
United States Environmental              *
Protection Agency, in her                *
official capacity,                       *
                                         *
          Appellees.                     *


_____

Submitted:  January 13, 1997

Filed:  March 20, 1997
_____

Before RICHARD S. ARNOLD, Chief Judge, BEAM, Circuit Judge, and ALSOP,*
     District Judge.
_____

RICHARD S. ARNOLD, Chief Judge.

     In the present action, the state of Missouri challenges certain
actions of the EPA Administrator under the Clean Air Act,

_____

     *The Hon. Donald D. Alsop, United States District Judge for
the District of Minnesota, sitting by designation.

42 U.S.C. § 7401 <u>et seq.</u>, as well as parts of the Act itself, as violations of the Tenth Amendment and the Spending Clause. Missouri brought suit in the District Court, however, rather than directly in our Court, as the Clean Air Act requires. The District Court was therefore without jurisdiction to hear the case. Accordingly, the judgment of the District Court is vacated, and the case is remanded with directions to dismiss the complaint.

I.

Section 7607 of the Clean Air Act ("CAA") outlines a detailed scheme of judicial review. 42 U.S.C. § 7607(b)(1). According to that section, final actions of the Administrator of the Environmental Protection Agency ("EPA") are to be reviewed exclusively in the courts of appeals.[1]

The District Court held that § 7607 could not be read so broadly as to divest the district courts of jurisdiction over claims like Missouri's, because some of the challenges Missouri raised were based on the Constitution. The District Court reasoned it retained jurisdiction over constitutional claims under 28 U.S.C. § 1331.

The Fourth Circuit recently rejected this reasoning in <u>Virginia v. United States</u>, 74 F.3d 517 (4th Cir. 1996), and we

---

[1]Section 7607(b)(1) reads, in pertinent part:

A petition for review of . . . any . . . nationally applicable regulations promulgated, or final action taken, by the Administrator under this chapter may be filed only in the United States Court of Appeals for the District of Columbia . . .. A petition for review of the Administrator's action in approving or promulgating any implementation plan . . . or any other final action of the Administrator under this chapter . . . which is locally or regionally applicable may be filed only in the United States Court of Appeals for the appropriate circuit.

agree. That Court held that "Virginia. . . could have raised its constitutional challenges under § 307(b)(1) and . . . was confined to that avenue of review."[2] Id. at 525. The CAA makes no distinction between constitutional challenges and other challenges. To the contrary, it channels all petitions for review of EPA actions into the courts of appeals. We see no reason why constitutional challenges to EPA action under the CAA should lie outside that statute's explicit jurisdictional command simply because they arise under the Constitution. See Thunder Basin Coal Co. v. Reich, 114 S. Ct. 771, 780 (1994) (holding that the existence of constitutional claims did not exempt petitioner from judicial review procedure mandated by statute).

On appeal, Missouri makes a slightly different argument in support of the District Court's jurisdiction. It argues that it sought to challenge only the constitutionality of the CAA's statutory scheme, and not specific final actions of the EPA. This argument was also pressed by the Commonwealth of Virginia in Virginia. The Fourth Circuit rejected that argument as well, and again we agree.

We cannot accept the argument that Missouri sought only to challenge the constitutionality of the statute, completely apart from EPA action. Missouri begins its complaint by explaining that "[the] action arises out of an alleged failure of the State of Missouri to comply . . . with federal requirements." Appellant App. 19. That failure was "alleged" by the EPA when it issued "deficiency findings," the action the EPA takes when it disapproves a state's attempts to comply with the CAA.

According to the briefs before us, EPA has issued five formal deficiency findings to Missouri so far under the CAA. See

---

[2]The citation to § 307(b)(1) refers to the CAA itself; it is codified at 42 U.S.C. § 7607(b)(1).

-3-

Appellant's Br. 7-12. Missouri seeks to nullify the effects of these actions by having the sanctions they portend declared unconstitutional. While it is true that Missouri's complaint questions the constitutionality of the overall sanctions scheme of the CAA, this challenge is not separate and apart from EPA action. Missouri's brief discusses in great detail the sanctions which will be imposed if it does not remedy the deficiencies pointed out by the EPA. Those sanctions flow directly from EPA action, originating in EPA's declaring the St. Louis area an "ozone nonattainment area." Since Missouri's challenge, as fashioned in its complaint, is to EPA actions as well as to the CAA itself, its lawsuit is covered by the jurisdictional command of § 7607. There is simply no reason the constitutional challenges of this lawsuit should be, or even can be, separated from a challenge to final EPA action under the CAA. Petition to the Court of Appeals, therefore, is the exclusive avenue available to Missouri.

## II.

We realize this decision produces the seemingly odd result of requiring Missouri to re-file its lawsuit before this Court, when it appears to be before this Court already; in essence, Missouri must leave and come back through a different door. In enacting § 7607, however, Congress explicitly required that claims like Missouri's be brought directly in the courts of appeals. We, and Missouri, have no other choice.

In so deciding, we are mindful of the time that has elapsed since Missouri began pursuing its claims by another route. Counsel for the United States assures us Missouri's claims are not time-barred. The limitation Missouri would face is also found in § 7607(b)(1), which requires that petitions for review of agency action be filed within 60 days "from the date notice of such . . . action appears in the Federal Register." According to the United States, none of the EPA actions which Missouri challenges in its

-4-

current suit has yet been published in the Federal Register. Therefore, no 60-day limitation period can have begun to run. We are satisfied, based on this information, that Missouri will not be barred from bringing its claims again should it re-file its lawsuit in our Court.

## III.

For the reasons outlined above, we hold that the District Court was without jurisdiction to decide the instant case. We therefore vacate the District Court's judgment, and remand with directions to dismiss the complaint for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.